IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CASE NO. 1:05-cr-00012-MP-AK

DARYL BROWN,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 39, Motion for Retroactive Application of Amendments to the Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582, filed by Daryl Brown. The government filed a response, Doc. 40. For the reasons given below, the motion is denied.

Section 3582 allows the Court to lower the sentence only if it is consistent with the policy statements found in § 1B1.10 of the Sentencing Guidelines. That section allows the Court, but does not require the Court, to depart below the minimum of the amended guidelines range in cases where the original sentence was below the Guidelines range under the following circumstances:

> Exception.—If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

Guidelines § 1B1.10(b)(2)(B). This provision applies most often to cases in which a substantial

assistance motion under Guidelines § 5K1.1 or 18 U.S.C. § 3553(e) or Fed. R. Crim. P. 35(b) (or all three) is or are filed by the Government. In such cases, the Court can, but is not required to, reduce the sentence to represent a similar percentage reduction when compared to the amended Guidelines range. As the Application Notes to Guidelines § 1B1.10 state:

> *If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subsection (b)(1) may be appropriate. For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (3) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.*

The Court notes, however, that when the undersigned considers whether to impose a sentence below a statutory minimum (under 18 U.S.C. § 3553(e)), to depart downward from the Guidelines (pursuant to § 5K1.1), or to reduce a sentence under Fed. R. Crim. P. 35(b), the Court expressly considers the factors listed in 18 U.S.C. § 3553 to craft a sentence that is appropriate under the totality of the circumstances. Accordingly, it is typical that an Amendment to the Guidelines, from which the Court in such cases has already been freed, would not affect the Court's determination of the appropriate sentence in cases where a previous downward departure or reduction has been granted.

That is true in the instant case. The original sentence, 105 months, was below the bottom of the original guidelines range (210), and represented a departure based on substantial assistance. Additionally, the defendant received a second reduction under Rule 35, to 81

months. (Doc. 38).  The Court finds that the 81-month term represents a sentence that is proper based on the factors listed in 18 U.S.C. § 3553 under the totality of the circumstances.  Thus, no further reduction is appropriate.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motion for reduction of sentence at Doc. 39 is DENIED.

**DONE AND ORDERED** this  _18th_   day of August, 2009

                        _s/Maurice M. Paul_
                Maurice M. Paul, Senior District Judge